NEW YORK SILK MANUF'G CO. *v.* SECOND NAT. BANK OF PATERSON.

*(Circuit Court, D. New Jersey.* February 13, 1882.)

**1. REMOVAL OF CAUSES—JURISDICTION, WHEN ATTACHES.**

Where a removal is authorized, the parties being citizens of different states, the matter in dispute exceeds $500, exclusive of costs, the petition is in due form, and a bond executed and filed, jurisdiction ceases in the state court and attaches here, and all further proceedings in the state court are *coram non judice.*

**2. SAME—JURISDICTION OVER INCIDENTS.**

The jurisdictional limitation to $500 has reference to the sum in dispute between the plaintiff and defendant, and the right of applying creditors to come in and have their claims adjusted and allowed is a mere incident over which this court will necessarily exercise jurisdiction.

On Motion to Remand.

*John W. Taylor,* for creditors.

*George S. Hastings,* for defendant in attachment.

*Preston Stevenson,* for plaintiff in attachment.

NIXON, D. J. Two writs of foreign attachment were issued out of the circuit court of the county of Hudson, in favor of the Second National Bank of Paterson, against the New York Silk Manufacturing Company, a foreign corporation owning property in New Jersey,— the first on the third of October, and the second on the twenty-ninth of October, 1881,—under which the sheriff of the county of Hudson attached and made an inventory of the property of the defendant. Various motions were made in the circuit court to dissolve these attachments, to which it is only necessary to refer generally, and all of which were denied by the court. Pending an application for the appointment of an auditor for the sale of the attached property, petitions were presented showing proper cases for removal to this court, under the act of March 3, 1875, accompanied by a bond duly executed and filed, and followed by appearance to the attachment suits in behalf of the defendant corporation; no objections seem to have been raised to the sufficiency of the petitions and bonds. The attorney for the attaching creditor procured from the clerk of the circuit court of the county of Hudson properly-certified copies of the records of the cases, and caused the same to be filed in this court on the fifteenth of December, 1881. A motion is now made by the party which petitioned for the removal to this court, to remand the cases again to the state court. The notice of the application is signed by "James B. Vredenburgh, attorney for the defendant," and

states that the motion is founded "upon all the proceedings had in the cases, and upon the annexed rule." Appended to the notice appears a certified copy of a rule made by the judge of the state court, on the thirty-first of December, 1881, authorizing the defendant corporation to withdraw the appearance to the attachment suits as improvidently and irregularly entered. I have considered the arguments of counsel, and examined the case with care, and find nothing in the proceedings or in the order of the state judge, setting aside the appearance of the defendant to the attachment, which would justify me in granting this motion.

The suit is clearly within the class of cases where removal is authorized by the acts of congress. The parties are citizens of different states. The matter in dispute exceeds $500, exclusive of costs. The petition is in due form, and no complaint has been made against the validity or security of the bond. The petition was signed by the defendant and presented to the state court, and a bond executed and filed for no other purpose than to transfer the case from that court to this, and jurisdiction ceased there and attached here as soon as these steps were taken. This has been the general tendency and result of the judicial construction of the removal statutes, both in the state courts and in the courts of the United States, for some years past. Judge Dillon, in his excellent treatise on Removal of Causes, § 15, says:

"If the case be within the act of congress and the petition is in due form, accompanied with the offer of the required surety or bond, the statute is that the state court must accept the surety, or the petition and the bond, and proceed no further in the case. Under such circumstances the state court has no power to refuse the removal, and can do nothing to affect the right, and its rightful jurisdiction ceases *eo instanti.* No order for the removal is necessary, and every subsequent exercise of jurisdiction by the state court, including its judgment, if one is rendered, is erroneous. And if the right of removal has once been perfect, it cannot be taken away by subsequent amendment in the state or federal court," etc.

The last utterance of the supreme court on this subject, to which my attention has been called, is found in the case of *Baltimore & Ohio R. Co.* v. *Koontz.* The opinion of the court was delivered by the chief justice on October 31, 1881, and is reported in the Albany Law Journal of December 17, 1881. It is there distinctly held that the jurisdiction changes when the removal is demanded in proper form; that it is transferred from the state to the federal court; and that all questions relating to the fact of removal are to be determined by the last-named court.

It necessarily results from this that all proceedings in the state court, after a due demand for removal by either party, are *coram non judice*. Its jurisdiction is lost, and no order by that court—I say it with great personal respect for the learned judge who made the order in this case—can be invoked as ground for an application to remand. The suggestion was made at the hearing that if I could not find grounds for remanding the case, on the proceedings or action of the state court, I could at least authorize the defendants in this court to withdraw the appearance heretofore entered in the Hudson circuit, and thus allow the outside creditors to come in and share in the proceeds of the attached property. But there are two difficulties in the way: the first is that all the presumptions in the case lead to the conclusion that the appearance was authorized in effect if not in express terms; the second is that the attaching creditors have acquired an exclusive lien upon the property under the attachment act of the state of New Jersey, of which this court has no right, if it had the disposition to deprive them.

The provisions of sections 14, 35, 38, and 39 of the "Act for the relief of creditors against absconding and absent debtors," (Rev. St. N. J. 42,) show that when the defendant in attachment enters an appearance to the suit without the execution of the bond prescribed by the thirty-third section or the act, the property seized by virtue of the writ remains in the custody of the officer and under the control of the court, and is held for the satisfaction of the claims of the plaintiff in attachment, and of such persons as, before the appearance, have entered rules in the minutes of the court to be admitted as creditors under such attachment. All other creditors are then excluded from participating in the proceeds of the *res* until the plaintiff and such applying creditors are paid in full.

This may seem inequitable and unjust to other meritorious creditors, who have for any reasons refrained from becoming parties to the proceedings, but it is the reward which the law gives to the diligent. When the defendant corporation signed the petition for removal, and executed the bond, and gave instructions to the attorney to take the necessary steps to effect the removal of the suit into this court, it was probably not aware of the legal consequences of the act, and had no thought of depriving other creditors, who had not become parties to the attachment proceedings, of sharing in the *pro rata* distribution of the assets. In other words, a mistake in law was made; but I do not understand that I have any power to correct mistakes in law, if by so doing I take away from other innocent parties any

rights which they had acquired by such mistakes.   It was further urged upon the argument that there was a practical difficulty arising from the peculiar features of the New Jersey act in holding that this court had jurisdiction over a suit begun by attachment in a state tribunal.   The thirty-eighth section makes it lawful for any defendant in attachment to enter an appearance to the suit of the plaintiff, or of any applying creditor, without giving bond for the return of the property; and after such appearance to suit or suits the plaintiff and creditors shall proceed in all respects as if commenced by summons.   The difficulty, earnestly pressed, was that some of the applying creditors had entered a rule for claims for less than $500, and that there was no power in this court to exercise jurisdiction in a controversy between parties in a removal case where the sum in dispute was less than that amount.   No question of that kind has yet appeared in the case, and it will be time enough to meet it when it arises. I have no hesitation, however, to anticipate it by saying that the jurisdictional limitation of the statute to $500 has reference to the sum in dispute between the plaintiff in attachment and the defendant; that the right of applying creditors to come in and to have their claims adjusted and allowed is a mere incident to the principal suit, and that the court, having acquired jurisdiction over the principal suit, necessarily exercises it over the incident.

The motion to remand is refused.

An application is pending for the appointment of an auditor, and for the sale of the property as perishable, under the provisions of the thirty-ninth section of the New Jersey act concerning attachments. The sheriff of the county of Hudson holds the goods and chattels levied on under the writ of attachment, and I perceive no reason why an order should not be granted appointing him auditor, and directing him to sell the property according to law.